IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BISHARA BRAZIEL and LAMONT GEORGE, *as Co-Personal Representatives of the Estate of Daimere S. George*, | )<br>)<br>)<br>) No. 2:17-cv-03244-DCN |
| Plaintiffs, | )<br>) **ORDER** |
| vs. | )<br>) |
| NOVO Development Corporation, *d/b/a* NOVO Properties, | )<br>)<br>) |
| Defendant. | )<br>) |

This matter is before the court on defendant NOVO Development Corporation's ("NOVO") motion in limine to bar Bishara Braziel ("Braziel") and Lamont George ("George") (together, "plaintiffs") from asserting new theories of liability and from naming Luke Abel ("Abel") as an expert. ECF No. 98. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

This case arises out of the accidental drowning of three-year-old Daimere S. George ("Daimere") in the swimming pool of South Pointe Apartments ("South Pointe") at 6220 North Murray Avenue in Hanahan, South Carolina. At the time of the incident, NOVO was the owner and operator of South Pointe. Plaintiffs, Daimere's parents, allege that on May 18, 2016, NOVO was preparing for the pool opening in June and left gates and access points to the pool unlocked, unsecured, opened, and/or left the pool in such a condition that enabled decedent to gain entry to the pool. That day, Daimere was found face down in the pool; he died on May 25, 2016. Plaintiffs filed suit on December 1,

1

2017, bringing causes of action for wrongful death pursuant to S.C. Code § 15-51-10 and survival action pursuant to § 15-5-90. Plaintiffs allege that Daimere's death was proximately caused by NOVO's negligent, negligent per se, grossly negligent, careless, willful, wanton, and reckless conduct. On June 27, 2019, NOVO filed the instant motion in limine. ECF No. 98. On June 28, 2019, plaintiffs filed a response. ECF No. 99.

## II. STANDARD

The purpose of a motion in limine is to obtain a preliminary ruling on the admissibility of a particular evidentiary matter. Luce v. United States, 469 U.S. 38, 40 n.2 (1984). A court will exclude evidence on a motion in limine only if the evidence is "clearly inadmissible for any purpose." Hall v. Sterling Park Dist., 2012 WL 1050302, at *2 (N.D. Ill. Mar. 28, 2012).

## III. DISCUSSION

This matter arises on NOVO's motion to preclude plaintiffs from calling one of NOVO's expert witnesses during plaintiffs' case-in-chief. On September 28, 2018, NOVO designated Abel as a non-retained expert. ECF No. 29. Abel is the Recreational Waters Compliance Coordinator for the South Carolina Department of Health and Environmental Control ("SC DHEC"). As a non-retained expert witness, Abel was not required to provide a report. Rather, in its designation, NOVO indicated that at trial Abel would testify about his knowledge of SC DHEC's role in creating and enforcing rules and regulations for the safe operation of public swimming pools in South Carolina. NOVO anticipated that he would testify specifically about the regulations regarding fencing and gates for public swimming pools in this state, as well as about SC DHEC Regulation 61-51 and South Carolina Code § 44-55-2310, which purportedly govern the standards and

procedures for pools like the one at South Pointe. On August 10, 2018, plaintiffs filed their designation of experts which included the assertion that "plaintiffs reserve the right to elicit expert testimony, where necessary, from any expert witness identified by Defendant in this action . . . ." ECF No. 27. NOVO's expert designation contains similar language. NOVO contends that it was unaware that plaintiffs intended to call Abel as an expert witness until a hearing before this court on June 19, 2019.

Rule 26(a)(2)(D) states that parties must make discovery disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D), see Wilkins v. Montgomery, 751 F.3d 214, 221 (4th Cir. 2014) ("A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case."). Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a),[ ] the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether nondisclosure of evidence is substantially justified or harmless, the court looks to:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

S. States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 595–96 (4th Cir. 2003) (internal citations omitted).

NOVO asks the court to prevent plaintiffs from calling Abel as a witness, arguing that plaintiffs did not make a timely disclosure under Rule 26(a) and that this untimely

disclosure was not substantially justified or harmless. Specifically, NOVO take issue with plaintiffs' intention to have Abel testify about whether NOVO violated Regulation 61-51 by failing to cover the pool while it was closed over the winter or have a certified pool operator. NOVO characterizes this potential line of questioning as a "new theory of the case," and argues that it would be prejudicial to allow plaintiffs to engage in this line of questioning with Abel. NOVO claims it to be a new theory because, according to NOVO, plaintiffs have led NOVO to believe that their theories of liability turn solely on whether the pool gate was locked and/or whether there was adequate fencing around the pool. Thus, NOVO contends that it is inappropriate for plaintiffs to assert a "new theory" in reliance on an undisclosed witness only several weeks before trial. NOVO claims that "in order to explore these theories and properly try this case, discovery would have to be reopened—depositions would have to be retaken, additional written discovery would need to be exchanged"—in sum, the case would need to be delayed beyond its scheduled date of July 8, 2019. ECF No. 98 at 6. The court disagrees.

First the court finds that "[n]either the parties' briefs nor the court's own research reveals any per se rule forbidding a party from calling an adversary's expert during his case-in-chief." Kerns v. Pro-Foam of South Alabama, Inc., 572 F. Supp. 2d 1303, 1309 (2007) (quoting House v. Combined Ins. Co. of America, 168 F.R.D. 236, 245 (N.D. Iowa 1996) ("[O]nce an expert is designated, the expert is recognized as presenting part of the common body of discoverable, and generally admissible, information and testimony available to all parties."); Doe v. Eli Lilly & Co., 99 F.R.D. 126, 128 (D.D.C. S.D. Al. 1983) (finding that "no party to litigation has anything resembling a proprietary right to any witness's evidence")). Next, the court observes that NOVO was notified that

4

plaintiffs served Abel with a trial subpoena on June 7, 2019, which the court finds sufficient to have put NOVO on notice that plaintiffs intended to question Abel as their own witness. ECF No. 99-4. Thus, NOVO was on notice about plaintiffs' intent to use Abel during their case about a month before trial, although this is still beyond the deadline for designating experts. Neither party has given the court any case law regarding whether a party using the opposing party's non-retained expert has a duty to disclose its own use of that expert in accordance with the normal deadlines for expert disclosure, nor have the parties offered law to support or deny whether "reserv[ing] the rights to elicit expert testimony, where necessary, from any expert witness identified by" the opposing party substitutes the requirement for timely disclosure.

However, the court need not decide these matters because, even presuming that plaintiffs' identification of Abel as its own witness was untimely, it is harmless under the Southern States factors. First, Abel's testimony should present no surprise to NOVO, considering it designated him in the first place and informed the court that he would be testifying about Regulation 61-51. Plaintiffs have indicated that they intend to have Abel testify about the requirements set forth in Regulation 61-51 regarding the necessity for pool covers and certified pool operators. NOVO argues that it is unfairly surprised by plaintiffs' use of Abel in this manner because the issue of the pool cover and certification of the pool operator have never been part of plaintiffs' theories of liability. Rather, NOVO contends, plaintiffs have focused on the sufficiency of the gate and the brick wall. NOVO argues that "Regulation 61-51 is a comprehensive text of nearly fifty (50) total pages with literally scores of individual regulations" and that it "cannot realistically be

expected to anticipate and defend claims brought on possible violations contained within 50 pages of technical regulations." ECF No. 98 at 7. The court disagrees.

Plaintiffs have always maintained as part of their negligence per se claim that NOVO failed to "properly inspect and maintain the subject pool," Compl. ¶ 21, and Regulation 61-51 has always been before the parties as a regulation at issue in this case. This is not a situation in which plaintiffs are designating a wholly unknown expert on the eve of trial to testify about a brand-new regulation which has heretofore been unknown to NOVO. Rather, plaintiffs merely intend to call defendants' non-retained expert witness to testify about his knowledge of Regulation 61-51, the very regulation about which NOVO has always planned on having Abel offer testimony. NOVO's failure to anticipate other sub-sections of Regulation 61-51 upon which plaintiffs' negligence per se claim might be based does not constitute the type of bad-faith surprise that might warrant exclusion of Abel's testimony on this matter. In fact, NOVO itself questioned Abel at his deposition about the applicability of subsection (J)—the subsection upon which plaintiffs' "new theories" are based and with which NOVO now takes issue. Furthermore, NOVO has conceded that plaintiffs questioned NOVO's pool operator about whether his pool operator certificate had expired, which is an issue addressed by subsection (J). ECF No. 98 at 7. In considering this very scenario—of a plaintiff seeking to use a defendants' expert witness in its case in chief, the District Court for the Southern District of Alabama found "wholly unpersuasive" the defendants' attempts to bar the plaintiffs from calling defendants' expert just because the plaintiffs never designated him as an expert witness in their Rule 26 disclosures. Kerns, 572 F. Supp. 2d at 1309. Because the defendant's attorneys had long known the expert's identity and his opinions,

the court found that there was "exactly nil" unfair surprise to the defendant.  Id. at 1310.  This court agrees with the reasoning in Kerns.

Regarding the remaining Southern States factors, allowing plaintiffs to elicit this testimony from Abel during their case in chief will not disrupt the trial, because he will not address any significant new facts or regulations that the parties have not previously questioned him about before.  Finally, regarding the importance of the testimony, the court finds that Abel's testimony about Regulation 61-51 that plaintiffs seek to elicit is very important because it forms, at least in part, the basis for plaintiffs' negligence per se claim, as plaintiffs indicated at the June 19 hearing.  Thus, the court finds that any lateness in plaintiffs' designation of Abel as a witness during their case is harmless.

### IV.   CONCLUSION

For the foregoing reasons the court **DENIES** NOVO's motion in limine.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 1, 2019**
**Charleston, South Carolina**